UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY T. STALEY,

               Plaintiff,

-against-

GERMAINE JACKSON; METROPOLITAN
TRANSPORTATION AUTHORITY,

               Defendants.

25-CV-4483 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues the Metropolitan Transportation Authority ("MTA") and MTA employee Germaine Jackson. By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff is a former employee of the MTA. On an unspecified date, Defendant Jackson "caused to be created and distributed a flyer containing Plaintiff's image, falsely suggesting Plaintiff had committed wrongdoing or was under investigation." (ECF 1 at 2.) The flyer was "posted publicly and shared among various agencies and personnel without basis in fact, due process, or legal justification." (*Id.*) Plaintiff maintains that he was never charged with a crime, and he did not "consent to use or circulation

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

of his image or personal information." (*Id.*) Plaintiff alleges that the flyer has been used to "harass, intimidate, and stigmatize" him and has caused "ongoing reputational and emotional harm." (*Id.*) He has made "repeated attempts" to have the flyer removed, but the MTA has failed to act. (*Id.*)

Plaintiff asserts procedural due process claims under the Fourteenth Amendment based on a stigma-plus theory; retaliation claims under the First Amendment; and claims for "unlawful surveillance and intrusion" under the Fourth Amendment. (*Id.*)

Plaintiff seeks money damages, as well as declaratory and injunctive relief. (*Id.* 2-3)

## DISCUSSION

### A.    "Stigma plus" due process claims

The two threshold questions in any Section 1983 claim for denial of procedural due process are "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process.").

Simple defamation or reputational damage, without more, is not enough to support a cognizable liberty interest. *See Paul v. Davis*, 424 U.S. 693, 701 (1976); *Patterson v. City of Utica*, 370 F.3d 322, 329-30 (2d Cir. 2004). The Due Process Clause, in limited circumstances, provides a remedy for defamation by government actors under the so-called "stigma plus" doctrine. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (holding that the "stigma plus" doctrine, "in limited circumstances provides a remedy for government defamation under federal constitutional law"). A "stigma plus" claim requires a plaintiff to establish that a state

3

actor (1) made "a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id.* (quoting *Doe v. Dep't of Pub. Safety ex rel. Lee,* 271 F.3d 38, 47 (2d Cir.2001)). Thus, a stigma plus claim requires "the loss of reputation coupled with some other tangible element," *id.*, such as the deprivation of a plaintiff's property, *Greenwood v. New York, Office of Mental Health*, 163 F.3d 119, 124 (2d Cir. 1998), the termination of a plaintiff's government employment, *Patterson*, 370 F.3d at 330, direct interference with a plaintiff's business, *Sadallah*, 383 F.3d at 38, or other state-imposed burden or alteration of rights. *See Patterson*, 370 F.3d at 329-30 ("[L]oss of a person's reputation can, however, invoke the protections of the Due Process Clause if that loss is coupled with the deprivation of a more tangible interest."). General harms from a "sullied reputation" are insufficient. *See Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) (holding that it was insufficient to allege that state-imposed defamation has an impact "on job prospects, . . . romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation").

In addition to alleging that he was denied a protected liberty interest, to state a sigma plus claim, a plaintiff must allege facts suggesting that he was denied that interest without due process. "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Ordinarily, due process requires a pre-deprivation hearing in order to prevent wrongful losses from occurring. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43 (1985). Where there are adequate post-deprivation procedures, however, a state may be excused from providing pre-deprivation process when

4

exigent circumstances require that it act quickly. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997); *Barry v. Barchi*, 443 U.S. 55, 66 (1979). In such an instance, a state official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 230-31 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

Here, Plaintiff alleges that his reputation was damaged by Mr. Jackson's posting of the flyer, but he alleges no facts suggesting that he has been subjected to a material state-imposed burden or alteration of his status or rights. While termination of state employment may be sufficient to show an alteration of rights, Plaintiff alleges no facts suggesting that his employment with the MTA was terminated or that any such termination occurred in connection with flyers, or that the "stigmatizing statements were made concurrently in time to plaintiff's dismissal from government employment." *Patterson*, 370 F.3d at 330.

Even if the Court assumed that Plaintiff had alleged that the false statements were accompanied by a state-imposed alteration of his rights, such as termination of his state employment, he alleges no facts suggesting that an adequate post-deprivation remedy, such as a state court proceeding under Article 78 of the New York Civil Practice Law & Rules, was unavailable or inadequate to protect his liberty interest. The Court therefore dismisses Plaintiff's procedural due process claims, under Section 1983, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      First Amendment retaliation**

Because Plaintiff sues his former employer and one of its employees, the Court assumes his First Amendment retaliation claims are related to his employment. To state a claim for First

Amendment retaliation under Section 1983, a state employee must allege that "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decisions, and (3) a causal connection exists between his speech and the adverse employment determination against him." *Brunell v. Clinton Cnty., N.Y.*, 334 F. App'x 367, 367 (2d Cir. 2009) (citation omitted). A government employee's speech is constitutionally protected if the employee is speaking in his capacity as a citizen on a matter of public concern. *See Weintraub v. Bd. of Educ.*, 593 F.3d 196, 200-01 (2d Cir. 2010). An employee is not speaking in his capacity as a citizen for purposes of the First Amendment if he is acting pursuant to his official duties. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). "In the context of a First Amendment retaliation claim . . . retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (quoting *Washington v. County of Rockland,* 373 F.3d 310, 320 (2d. Cir.2004)) (internal quotation marks omitted). Causation may be shown indirectly by, among other things, alleging that the protected activity was followed closely by a retaliatory action. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001).

Here, Plaintiff alleges no facts suggesting that he engaged in constitutionally protected speech, that he suffered an adverse employment action, and that there was a causal relationship between the speech and adverse employment action. The Court therefore dismisses Plaintiff's First Amendment retaliation claims under Section 1983 for failure to state a claim on which relief may be granted.

C.    **Fourth Amendment claims**

The Fourth Amendment protects the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Although Plaintiff asserts a claim under the Fourth Amendment for "Unlawful Surveillance and

Intrusion," he alleges no facts suggesting that any of the defendants have searched or seized him or his property. Plaintiff instead alleges that the "publication and distribution of the flyer constituted an unlawful intrusion into [his] privacy and reputation without a warrant or legal cause." (ECF 1 at 2.) The allegation implicates no search or seizure, and Court therefore dismisses Plaintiff's Fourth Amendment claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Municipal liability**

Defendant MTA is "a New York State public benefit corporation that provides public transportation services to the Greater New York City area." *Mazyck v. Metro. Transp. Auth.*, 893 F. Supp. 2d 574, 580 (S.D.N.Y. 2012). Public benefit corporations, such as the MTA, are municipal entities for the purpose of Section 1983. *Jandres v. Cnty. of Nassau,* Nos. 12-CV-3132, 12-CV-4984 (JS) (GRB), 2012 WL 5879532, at *6 (E.D.N.Y. Nov. 21, 2012) (collecting cases imposing municipal liability on public benefit corporations); *Adam v. Metro. Transp. Auth.,* No. 07–CV–8807 (JGK), 2011 WL 891441, at *3 n.2 (S.D.N.Y. Mar. 15, 2011) ("The MTA is a New York City authority. The parties do not dispute that the MTA and its police department are municipal entities.").

When a plaintiff sues a public benefit corporation, such as the MTA, under Section 1983, it is not enough for the plaintiff to allege that one of the public benefit corporation's employees or agents engaged in some wrongdoing. The plaintiff must show that the public benefit corporation itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to

state a Section 1983 claim against a public benefit corporation, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the MTA has a policy, custom, or practice that caused a violation of his federal constitutional rights. He instead alleges that a single MTA employee created and shared a flyer that he maintains damaged his reputation. The Court therefore dismisses Plaintiff's Section 1983 claims against the MTA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above. If Plaintiff cannot allege facts to cure those deficiencies, he is not required to file an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

9

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:   November 24, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge